**ROSE, KLEIN & MARIAS LLP**
RICHARD G. BARONE (State Bar No. 93487)
*r.barone@rkmlaw.net*
CHRISTOPHER P. RIDOUT (State Bar No. 143931)
*chris.ridout@rkmlaw.net*
DANIELLE S. WORTHY (State Bar No. 292630)
*d.worthy@rkmlaw.net*
AMELIA A. STEELHEAD (State Bar No. 299006)
*a.steelhead@rkmlaw.net*
DAVID Y. WHITE (State Bar No. 357055)
*david.white@rkmlaw.net*
801 S. Grand Avenue, 11th Floor
Los Angeles, California 90017
(213) 626-0571
(213) 623-7755 Fax

Attorneys for Plaintiffs

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| HUNTER LEE and GAIA RODRIGUEZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MELROSE INDUSTRIES, PLC; GKN AEROSPACE SERVICES, LTD.; GKN AEROSPACE TRANSPARENCY SYSTEMS, IN.,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. Negligence<br>2. Nuisance<br>3. Trespass on Land<br>4. Strict Liability – Extrahazardous and/or Ultrahazardous Activity<br>5. Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, HUNTER LEE and GAIA RODRIGUEZ, individually and on behalf of all others similarly situated (hereinafter “Plaintiffs”), bring this Class Action Complaint against Defendants Melrose Industries, PLC, GKN Aerospace,

Ltd., and/or GKN Aerospace Transparency Systems, Inc. (collectively "GKN Aerospace"). Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## INTRODUCTION

1. On or about May 21, 2026, at a Garden Grove, California, site owned, operated, controlled and/or maintained by Defendants GKN Aerospace (the "Site"), an industrial tank containing approximately 7,000 gallons of methyl methacrylate ("MMA"), an extremely hazardous and dangerous chemical, became pressurized and began releasing gas as it overheated (the "Incident"). The subject tank was reported to be bulging dangerously, demonstrating signs that it may rupture or possibly explode.

2. As a result of the foregoing unfortunate event, and on that same date, Garden Grove City authorities immediately began issuing evacuation orders in the areas surrounding the Site. As authorities realized the increasing hazardous nature of the Incident, the evacuation orders were expanded on May 22, 2016 to include an estimated 40,000 people.

3. Plaintiffs Hunter Lee and Gaia Rodriguez now bring this action to hold Defendants accountable for, among other things, their failure to exercise due care in operating the Site, leading to the release and potential explosion of toxic substances, forcing the evacuation of Plaintiffs and other residents from their homes, workplaces, and businesses.

## PARTIES

4. Plaintiff Hunter Lee is an individual who resides in Garden Grove, California. On May 21, 2026, Hunter Lee was forced to evacuate as a direct result of the release and potential explosion of toxic substances at the Site. Plaintiff Hunter Lee suffered damages including, but not limited to, economic loss from evacuation-related expenses, lost wages, disruption and inconvenience, and interference with

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

property rights.

5. Plaintiff Gaia Rodriguez is an individual who resides in Garden Grove, California. On May 21, 2026, Gaia Rodriguez was forced to evacuate as a direct result of the release and potential explosion of toxic substances at the Site. Plaintiff Gaia Rodriguez suffered damages including, but not limited to, economic loss from evacuation-related expenses, lost wages, disruption and inconvenience, and interference with property rights.

6. Melrose Industries, PLC is a company registered in England with an address of The Colmore Building, 20 Colmore Circus Queensway, Birmingham, B4 6AT, United Kingdom.

7. GKN Aerospace Services, Ltd. is a company registered in England with an address of 11th Floor, The Colmore Building, 20 Colmore Circus Queensway, Birmingham, B4 6AT, United Kingdom, Company number 00355922.

8. GKN Aerospace Transparency Systems, Inc.. is a California registered corporation with its principal place of business located at 12122 Western Avenue, Garden Grove, California 92841.

9. Plaintiffs are informed and believe and, based on such information and belief, allege that Melrose Industries PLC, GKN Aerospace Services Limited, GKN Aerospace Transparency Systems, inclusive, and each of them, are and at all material times have been, the owners, agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein. Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as owner, employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for any and/or all claims set forth herein, except as otherwise alleged.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to the Class Action

Fairness Act, 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5 million, given that tens of thousands of people were forced to evacuate; there are more than 100 putative class members; the Plaintiffs and any putative class members are citizens of a state different from Defendants GKN Aerospace; and the Plaintiffs and any putative class members are citizens of a state while Defendant GKN Aerospace is a citizen of a foreign state.

11. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in the State of California and this lawsuit arises out of Defendants' acts alleged herein which originated in this District. Additionally, Defendants GKN Aerospace are registered to do business in California.

12. Venue is proper in this District because: (a) putative class members are residents and citizens of this District; (b) Defendants are subject to the Court's personal jurisdiction with respect to this action and are therefore considered residents of this District for venue purposes; and (c) pursuant to 28 U.S.C. § 1391(b), a substantial part of the events or omissions giving rise to the harm of the putative class members occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District. Finally, to the extent Defendants GKN Aerospace are not considered residents of this District, they may be sued in any judicial district, including this District, under 28 U.S.C. § 1391(c)(3).

## COMMON FACTUAL ALLEGATIONS

### I. Background on the GKN Aerospace Site

13. GKN Aerospace claims to be a leading global tier one supplier of airframe and engine structures, landing gear, electrical interconnection systems, transparencies, and aftermarket services. It claims to supply products and services to a wide range of commercial and military aircraft and engine prime contractors, and other tier one suppliers.

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

14. At all relevant time periods, GKN Aerospace owned, operated, controlled and/or maintained the Site located in Garden Grove, California, and claims that they are "the world's leading provider of military transparency systems and commercial aircraft transparencies."

15. The Site purportedly offers a full range of capabilities for design, analysis, testing and certification of military canopies, cockpit windows and passenger windows, as well as manufacturing the world-leading F-35 canopy, and transparencies for the Boeing 787 Dreamliner and 737, the Airbus A350, HondaJet and Bombardier C-Series.

16. Defendants use, handle, and store explosive, flammable, and hazardous substances at the Site. These substances include, but are not limited to, MMA, which are used in the manufacturing of methacrylate resins and plastics.

17. MMA is extremely hazardous and dangerous. Exposure can occur through inhalation and skin contact. This chemical can, among other harms, permanently damage eyes, skin, nose, throat, and respiratory system.

18. Organizations such as the United States Environmental Protection Agency ("EPA") have identified certain health hazards associated with exposure to MMA including, but not limited to, dermal, eye and mucus membrane irritation, respiratory symptoms, and neurological symptoms.

19. If released, MMA can become airborne and form a toxic gas cloud, or become extremely explosive, threatening all persons in proximity to such an event.

## II. The GKN Aerospace Incident

20. On May 21, 2026, the Incident initially occurred when Firefighters responded to the Site located in Garden Grove, California, bearing the address 112122 Western Avenue, Garden Grove, California 92841, where an industrial tank containing approximately 7,000 gallons of MMA was becoming pressurized and releasing gas as it overheated. The tank was bulging dangerously, demonstrating signs that the subject tank could eventually explode.

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

21. Division Chief Nick Freeman of the Orange County Fire Authority stated that “[MMA] is a respiratory irritant, so it can start off very mild, but it can progress to a point where, yes, you would probably require hospitalization, if not more.”

22. Based upon information and belief, Firefighters responding to the Site attempted to cool the subject tank by shooting water on its exterior so as to allow GKN Aerospace’s response team to get close enough to the tank to inject a neutralizing agent into the tank to reduce the chemical’s volatility. However, Orange County Fire Authority (OCFA) Division Chief Craig Covey stated that when the response team arrived, it found that the tank’s valves were “gummed up” and inoperable, making the interior to the tank inaccessible.

23. At that point, Chief Covey stated that "[t]here are literally two options left remaining. One, the tank fails and spills a total of about 6,000 to 7,000 gallons of very bad chemicals into the parking lot in that area, or two, the tank goes into a thermal runaway and blows up, affecting the tanks that are around them that have fuel or the chemicals in them as well."

24. As a result of the foregoing, on May 21, 2016, City authorities began issuing evacuation orders in the areas surrounding the Site (the “Evacuation Zone”), which were expanded on May 22, 2016 to include an estimated 40,000 people. The Evacuation Zone is set forth below:



ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

25. Realizing the severity of the situation, on May 23, 2026, Governor Gavin Newsom declared a state of emergency stating, "I'm proclaiming a state of emergency in Orange County as California continues to respond to the hazardous chemical incident in Garden Grove.

**III. Significant Impact of the Incident on the residents of Garden Grove**

26. As of the date of the filing of this Complaint, GKN Aerospace has surprisingly, and shockingly, done little to address the Incident, much less assist the tens of thousands of Garden Grove residents that have been affected as a result of its actions.

27. Needless to say, the Incident has been one of the largest disasters the Garden Grove community has ever seen or experienced.

28. The evacuation orders forced people living and working in the Evacuation Zone, spanning more than 10 square miles, to flee.

29. Gridlock stalled traffic throughout the City of Garden Grove. Residents who received reverse 911 telephone calls and police officers knocking on their front doors were faced with inexplicable fears of imminent danger, and were advised to immediately pack their personal belongings and flee to safety.

30. Needless to say, significant concerns about pollution and contamination resulting from the Incident continue to worry Garden Grove residents and business owners.

31. Surprisingly, Defendants have made no attempts to reimburse residents or business owners for expenses related to the Incident, such as accommodation, food, and transportation costs, much less the businesses that have suffered loss as a result of the evacuation orders.

## <u>PLAINTIFFS' FACTUAL ALLEGATIONS</u>

32. Plaintiffs reside at the Springdale Villa Apartments, located in the City of Garden Grove, State of California. On May 22, 2026, Plaintiffs were advised that there was a mandatory evacuation order in place for their residence due to the GKN

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

tank failure and potential for explosion. They were told that needed to evacuate the premises immediately.

33. As a result, Plaintiff Hunter Lee had to call out from work so that he could assist with evacuating Plaintiffs' two cats as well as all of their personal items and necessary belongings.

34. Plaintiffs were forced to reserve a hotel room for three nights while they were mandatorily evacuated as they had no other place to stay with their two cats.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action on their own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(3), and (c)(4). Plaintiffs seek certification of a class ("Class") initially defined as follows: "All persons and entities who/which on May 21,2026 were residents of, present in, employed in, or maintained a place of business in the Evacuation Zone who sustained unreimbursed economic loss or loss of enjoyment/use of their property, excluding personal injury damages."

36. Excluded from the above Class are Defendants, including any entity in which Defendants have a controlling interest, is a parent or subsidiary, or which is controlled by Defendants, as well as the officers, directors, affiliates, legal representative, heirs, predecessors, successors, and assigns of Defendants. Also excluded are the judges and court personnel in this case and any members of their immediate families.

37. Collectively, members of the Class are referred to as "Class Members."

38. Plaintiffs reserve the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

39. **Numerosity**. Fed. R. Civ. P. 23(a)(1). The members of the Class are so numerous that the joinder of all members is impractical. According to public

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

information available, approximately 40,000 individuals were subject to the relevant evacuation orders. While the exact number of Class Members is unknown to Plaintiffs at this time, Plaintiffs believe that the Class includes thousands of members. The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court.

40. **Commonality**. Fed R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a. Whether Defendants breached their duty to exercise the utmost care and diligence in the ownership, operation, management, supervision, inspection, maintenance, repair, and/or control of the Site, so as to not cause harm to public property, the environment, public resources, public health, and/or the comfortable use and enjoyment of life and liberty by the public.

b. Whether Defendants' breach was the legal and proximate cause of Plaintiffs' damages.

c. Whether Defendants' acts or omissions as set forth herein have interfered with Plaintiffs' property rights, privileges, and use and enjoyment of property so as to constitute a nuisance.

d. Whether Defendants were engaged in an extrahazardous and/or ultrahazardous activity and/or intentionally, recklessly, and/or negligently caused an array of toxic substances to enter Plaintiffs' property.

e. Whether Defendants' activities in operating, controlling, managing, and/or maintaining the Site constitute an extrahazardous and/or ultrahazardous and abnormally dangerous activity.

41. **Typicality**. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of those of other Class Members because Plaintiffs and Class Members all suffered damages resulting from the Evacuation Orders that were issued as a direct result of

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

the Site Incident.

42. **Adequacy of Representation**. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained competent counsel experienced in litigation of class actions, including actions relating to chemical incidents, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs' claims are typical of the claims of other members of the Class and Plaintiffs have the same non-conflicting interests as the other Members of the Class. The interest of the Class will be fairly and adequately represented by Plaintiffs and their counsel.

43 **Superiority of Class Action**. Fed R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

44. Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

## CAUSES OF ACTION

### Count I

### (Negligence)

45. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

46. Plaintiffs are informed and believe, and thereon allege, that at the time of the Incident, Defendants owned, operated, controlled, managed, and/or

maintained the Site, as described above.

47. At all relevant times, Defendants were required to exercise the utmost care and diligence in the ownership, operation, management, supervision, inspection, maintenance, repair, and/or control of the Site, so as not to cause harm to public property, the environment, public resources, public health, and/or the comfortable use and enjoyment of life and liberty by the public.

48. Defendants failed to exercise due care in the maintenance and monitoring of the Site so as to prevent fires, explosions, and/or the uncontrolled release of hazardous substances, odors, and wastes into the environment.

49. As a direct and proximate result of Defendants' breach of their duties, Plaintiffs and those similarly situated were harmed. Defendants' breach of their duties was the direct and proximate cause of the Site Incident that caused the release of hazardous substances, odors, and wastes, and the interference with property rights of Plaintiffs.

50. As further direct and legal result of Defendants' breach of their duties, Plaintiffs have suffered damages, including but not limited to, economic loss from evacuation-related expenses, lost wages, disruption and inconvenience, and interference with property rights.

51. Plaintiffs did not consent to Defendants' conduct, which required the public to evacuate for over 72 hours to avoid immediate harm and has created long-lasting and continuing harm.

52. In addition to the negligence stated above, and in the alternative, the injuries and damages suffered by Plaintiffs and others were caused by acts or omissions of Defendants, which acts or omissions may be beyond proof by Plaintiffs herein, but which were within the knowledge and control of Defendants such that there are no other possible conclusions than that the Site Incident resulted from the negligence of Defendants. Furthermore, the Site incident would not have occurred had the Defendants exercised the high degree of care imposed on them and Plaintiffs

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

therefore plead the doctrine of res ipsa loquitur.

**Count II**

**(Nuisance)**

53. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

54. Defendants' acts or omissions as set forth herein have interfered with Plaintiffs' property rights, privileges, and use and enjoyment of property so as to constitute a nuisance.

55. Plaintiffs' interests in the use and enjoyment of their property was diminished by Defendants' acts or omissions, which caused, among other things: the evacuation of Plaintiffs and all others from the Evacuation Zone, and the release of hazardous and other substances into the air and onto Plaintiffs' property.

56. Plaintiffs did not consent to Defendants' actions as described herein.

57. Defendants' acts and omissions as alleged herein constitute an unreasonable interference with the safety, peace, comfort, and convenience of the Plaintiffs and all others similarly situated.

58. Defendants' act and omissions have caused harm to Plaintiffs.

**Count III**

**(Trespass on Land)**

59. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

60. Defendants were engaged in an extrahazardous and/or ultrahazardous activity and/or intentionally, recklessly, and/or negligently caused an array of toxic substances, noise, soot, ash, and/or dust to enter Plaintiffs' properties.

61. Plaintiffs did not give permission for this direct and/or indirect entry.

62. Plaintiffs, along with numerous others in the Evacuation Zone, have been harmed by Defendants' conduct, as Plaintiffs have suffered the loss of the use and enjoyment of their properties, in the form of lingering malicious odor, noise,

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

soot, ash, and dust in the air.

63. An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by Defendants.

64. As a direct and legal cause of the wrongful acts set forth herein, Plaintiffs suffered damages as described in the preceding paragraphs.

**Count IV**

**(Strict Liability – Extrahazardous and/or Ultrahazardous Activity)**

65. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

66. At all times relevant herein, Defendants' activities in operating, controlling, managing, and/or maintaining the Site constitute an extrahazardous and/or ultrahazardous and abnormally dangerous activity, as the operation and maintenance of a refinery using hydrogen fluoride in a populated area poses serious risk of harm, regardless of the amount of care exercised.

67. As alleged herein, Plaintiffs were seriously harmed, as a direct result of Defendants' extrahazardous and/or ultrahazardous and abnormally dangers activities in operating and maintaining the Site.

68. Plaintiffs' harm, as outlined above, was the kind of harm that would be anticipated as a result of the risk created by Defendants' extrashazardous and/or ultrahazardous and abnormally dangerous activities, specifically the operation and maintenance of a facility with MMA in a populated area.

69. Defendants' extrahazardous and/or ultrahazardous and abnormally dangerous activities resulted in an explosion that emitted debris, ash, toxins, smoke, and other dangerous chemicals into the air, and was the direct cause of the evacuation that deprived Plaintiffs of the enjoyment and use of their homes and their ability to operate businesses and work.

70. As a direct and legal cause of the wrongful acts herein set forth, Plaintiffs suffered damages as described above in the preceding paragraphs.

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

**Count V**

**(Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*)**

71. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

72. Plaintiffs bring this claim individually and on behalf of the Class.

73. Plaintiffs brings this cause of action pursuant to California's Unfair Competition Law, codified in California Business and Professions Code § 17200, *et seq*. ("the UCL").

74. The UCL defines unfair competition as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Cal. Bus. & Prof. Code § 17500.

75. Defendants, at all relevant time periods, caused Plaintiffs, and those Class Members Plaintiffs seek to represent, excessive, injury-in-fact damages as a result of their actions as alleged herein.

76. Defendants actions are unlawful, unfair and/or fraudulent as alleged herein, which resulted in the Incident.

77. As a direct and proximate result of Defendants' violation of the UCL, Plaintiffs and members of the Class have suffered injury-in-fact, and have lost money in the form of unreimbursed economic loss and/or loss of enjoyment/use of their property and/or business.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs individually and on behalf of all Class Members proposed in this Complaint, respectfully request that the Court enter judgment in their favor and against Defendants as follows:

1. For an Order certifying the Class, and appointing Plaintiffs and their Counsel to represent the Class;

2. Awarding Plaintiffs actual damages, including compensatory and consequential damages, in an amount to be determined at trial;

3. Awarding Plaintiffs pre-judgment and post-judgment interest;

4. Awarding Plaintiffs such costs and disbursements as are incurred in prosecuting this action, including reasonable attorneys' fees, as allowable by law; and

5. Granting Plaintiffs such other and further relief as this Court deems just and proper.

DATED: May 26, 2026

ROSE, KLEIN & MARIAS LLP



By: ______________________________

Christopher P. Ridout
Attorneys for Plaintiffs

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

ROSE, KLEIN & MARIAS LLP
801 S. GRAND AVENUE, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 626-0571 • FAX (213) 623-7755

**DEMAND FOR JURY TRIAL**

Based on the foregoing, Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial for all claims so triable.

DATED: May 26, 2026 ROSE, KLEIN & MARIAS LLP



By: ______________________________
Christopher P. Ridout
Attorneys for Plaintiffs